The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick, the briefs on appeal and the stipulation submitted by the parties on 28 February 2000. Oral arguments were waived in this matter by the Full Commission. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioners decision and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement, at the hearing on 3 March 1999 and subsequent to the Full Commissions review date as:
 STIPULATIONS
1. On 16 February 1995, the date of plaintiffs alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant.
3. Plaintiff has not received any disability compensation, but he has received payment for medical bills incurred as a result of his alleged injury on 16 February 1995.
4. A set of plaintiffs medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
5. An Industrial Commission Form 22, Wage Chart and two pages of payroll records, marked as Stipulated Exhibit Number Three, are admitted into evidence.
6. Defendant issued payments for medical treatment received by plaintiff to Park Ridge Hospital on 11 April 1997 and 30 April 1997. These checks represented payments for dates of service of 23 September 1996 though 25 November 1996.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 3 March 1999, plaintiff was twenty-eight years old and was employed.
2. In February 1995, plaintiff was hired by defendant as a cook and worked approximately forty hours per week. In addition to his cooking duties, plaintiff was responsible for cleaning the kitchen and restaurant, emptying the garbage and cleaning fryers.
3. On 16 February 1995, while working for defendant, plaintiff went outside of defendants restaurant to empty garbage into a dumpster. The weather on the date in question was rainy. Consequently, plaintiff ran to the dumpster, but slipped and fell. Plaintiff reported this incident to defendants assistant manager and completed his work shift.
4. The incident on 16 February 1995 was an interruption of plaintiffs normal work routine and therefore, constituted an injury by accident arising out of and in the course of his employment with defendant.
5. The following day, on 17 February 1995, plaintiff telephoned defendant and informed the restaurants manager that he was experiencing pain, was going to seek medical treatment and would be absent from work. Thereafter, plaintiff sought medical treatment from Dr. Trott. From 16 February 1995 through 3 March 1995, plaintiff received medical treatment from Dr. Trott on three occasions. Defendant paid the medical bills incurred by plaintiff for this treatment. During this period of treatment by Dr. Trott, plaintiff continued to work his regularly scheduled hours for defendant.
6. Plaintiff resigned from his employment with defendant on or about 17 May 1995. Plaintiffs resignation was not related to his 16 February 1995 injury by accident.
7. Plaintiff next sought medical treatment as the result of his 16 February 1995 injury by accident from Dr. Trott on 23 September 1996. Plaintiff was treated by Dr. Trott on four other occasions subsequent to 23 September 1996. Defendant paid the medical bills incurred by plaintiff for these treatments provided by Dr. Trott. Defendants last payment of medical expenses incurred as the result of plaintiffs 16 February 1995 injury by accident was on 30 April 1997. On 10 March 1998, plaintiff filed an Industrial Commission Form 18, Notice of Accident to Employer. On the same date, he filed an Industrial Commission Form 33, Request that Claim be Assigned for Hearing.
8. The date upon which plaintiff filed his claim on 10 March 1998 is within two years after the last payment by defendant on 30 April 1997 of medical compensation for expenses incurred by plaintiff as the result of his 16 February 1995 injury by accident.
9. As of the date of the filing of plaintiffs claim on 10 March 1998, no indemnity compensation had been paid to plaintiff by defendant as the result of his 16 February 1995 injury by accident.
10. As of the date of the filing of plaintiffs claim on 10 March 1998, defendants liability had not otherwise been determined pursuant to the North Carolina Workers Compensation Act.
11. Because plaintiffs claim for additional medical compensation was filed within two years after defendants last payment of medical compensation, no indemnity compensation had been paid to plaintiff by defendant and defendants liability had not otherwise been determined under the Act, the filing of plaintiffs claim was timely and is not barred.
12. Plaintiffs pursuit of this claim was reasonable and not borne out of unfounded litigiousness.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Because plaintiffs claim for additional medical treatment filed on 19 March 1998 was within two years after defendants last payment of medical compensation, and no indemnity compensation had been paid to plaintiff by defendant and defendants liability had not otherwise been determined under the Act, the filing of plaintiffs claim was timely and is not barred. G.S. 97-24(a) (ii).
2. On 16 February 1995, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. G.S. 97-2(6).
3. Because plaintiffs pursuit of this claim was reasonable and not borne out of unfounded litigiousness, defendant is not entitled to an award of attorneys fees. G.S. 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the Deputy Commissioners holding and enters the following:
 ORDER
1. As plaintiffs claim was not barred by the provisions of G.S.97-24, this matter is hereby REMANDED to a Deputy Commissioner for a hearing on whether or not these additional medical treatments and expenses are causally related to plaintiffs 16 February 1995 injury by accident.
2. Defendant shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/______________ RENE C. RIGGSBEE COMMISSIONER